UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS MAVROFF,

    Plaintiff,

v.                                                       Case No. 15-CV-837

KOHN LAW FIRM S.C. and DAVID A. AMBROSH,

    Defendants.

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff filed a single-count complaint alleging Defendants Kohn Law Firm S.C. and Attorney David A. Ambrosh of the Kohn firm violated the Fair Debt Collection Practices Act (FDCPA) by mailing a copy of a pleading in a state court case directly to Plaintiff rather than to Plaintiff's counsel. Defendants have moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the inadvertent mailing of the pleading to Plaintiff rather than counsel is not actionable under the FDCPA because the pleading, which was a reply to a counterclaim, was not a communication "in connection with the collection of a debt" as required of any such FDCPA claim. For the reasons below, Defendants' motion will be granted and the case dismissed.

A motion for judgment on the pleadings is analyzed like a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). The court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Dismissal is appropriate when the plaintiff has not pled a valid claim even assuming the truth of the allegations in the complaint. *Johnson v. Revenue Management Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999). Exhibits attached to the complaint are treated as part

of the pleading for all purposes, including for assessing whether the facts alleged amount to a valid claim. Fed. R. Civ. P. 10(c).

The complaint states and the exhibits show Defendants filed a summons and complaint against Plaintiff in an effort to collect a debt owed to a creditor. The complaint was filed in the Winnebago County Small Claims Court. The summons and complaint were served on Plaintiff by U.S. mail. Plaintiff thereafter retained counsel and filed an answer and counterclaim, serving a copy by facsimile on the Kohn firm as counsel for the plaintiff in the case. Attorney Ambrosh of the Kohn firm filed a reply to the counterclaim with the court and, instead of serving a copy on Plaintiff's attorney, mailed a copy to Plaintiff directly. Based on these facts, Plaintiff filed this action against Attorney Ambrosh and the Kohn law firm for violating § 1692c(a)(2) of the FDCPA. Plaintiff seeks actual damages, statutory damages up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and attorneys fees and costs.

The materials delivered to Plaintiff included the reply to his counterclaim, an affidavit of mailing and a cover letter to the Clerk of the Winnebago County Circuit Court, each of which was attached to Plaintiff's complaint in this case. The cover letter to the clerk indicated that a copy would be sent to Thomas Mavroff and, presumably for that reason, the letter included the Miranda-type warning required of initial communications with consumers under § 1692e(11) (i.e., that the letter was a communication from a debt collector made in an attempt to collect a debt, and that any information obtained would be used for the purpose of collecting a debt). More important for present purposes is the reply. It is a one-page pleading, required to be filed under section 802.06(1) of the Wisconsin Statutes in response to a counterclaim filed by a defendant. The reply sets forth five affirmative defenses to the counterclaim and demands judgment of dismissal of the counterclaim

2

as well as "judgment in accordance with the demand in the Complaint." ECF No. 1-1 at 3.

The Fair Debt Collection Practices Act (FDCPA) is aimed at remedying the use of "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "Among other things, the FDCPA regulates when and where a debt collector may communicate with a debtor, restricts whom a debt collector may contact regarding a debt, prohibits the use of harassing, oppressive, or abusive measures to collect a debt, and bans the use of false, deceptive, misleading, unfair, or unconscionable means of collecting a debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir.2010) (citing §§ 1692, 1692c–1692f). The provision at issue in this case states in relevant part that "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . ." § 1692c(a)(2).

Two threshold criteria must be met for a claim under the FDCPA: the defendant must be a "debt collector" and "the communication that forms the basis of the suit must have been made 'in connection with the collection of any debt.'" *Gburek*, 614 F.3d at 384 (citing §§ 1692c(a)–(b), 1692e, 1692g). Here, the parties agree for purposes of Defendants' motion that Defendants are "debt collectors," but the parties disagree about whether Defendants' pleading was a communication made in connection with the collection of a debt.

Defendants argue that the reply is not such a communication under the flexible "common sense" approach articulated by the Seventh Circuit in *Gburek*. In *Gburek* the district court granted a motion to dismiss an FDCPA claim on the ground that the letters the debtor received from the debt collector did not contain an explicit demand for payment. The Seventh Circuit reversed. The court discussed several of its previous cases and noted that "the absence of a demand for payment is just

3

one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt." *Id.* at 385. The court noted that the "nature of the parties' relationship is also relevant" and "the purpose and context of the communications—viewed objectively—are important factors as well." *Id.* Considering these factors, the court found the three communications at issue in the case—an offer by a debt collector to discuss repayment options for a defaulted home loan, a letter sent on the debt collector's behalf for the purpose of inducing the debtor to settle, and a letter requesting financial information for the purpose of evaluating the debtor's foreclosure alternatives—were communications in connection with the collection of a debt.

In response, Plaintiff argues that it is "settled law" that state court pleadings in debt collection lawsuits fall under the FDCPA's definition of "communications." *See Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914 (7th Cir. 2004) (en banc) (discussed below). Plaintiff also argues that the pleading in question is a communication in connection with the collection of a debt under the factors set forth in *Gburek*. Although Plaintiff notes, correctly, that an explicit demand for payment is not a sine qua non under *Gburek*, Plaintiff argues nonetheless that the reply to the counterclaim did contain a demand for payment because it demanded "judgment in accordance with the demand in the Complaint." But a request that a court grant a party judgment on a claim is not the same as a demand for payment of a debt by the debtor.

Plaintiff's assertion that it is settled law that state court pleadings are "communications" for FDCPA purposes is an overstatement. In *Thomas*, a majority of the Seventh Circuit did hold that a law firm's service of a summons and complaint filed in state court against a debtor was an "initial communication" for purposes of § 1692g(a) of the FDCPA, which requires that the debt collector

4

send the debtor a debt validation notice within 5 days of an initial communication. But Congress has amended the FDCPA to except pleadings from the definition of "initial communications" for § 1692g(a) purposes, nullifying *Thomas* (*see* § 1692g(d)); *Beler v. Blatt, Hasenmiller,Leibsker & Moore LLC*, 480 F.3d 470, 473 (7th Cir. 2007)) and *Thomas*'s holding did not pertain to the definition of a communication for § 1692c purposes in any event. 392 F.3d at 920 n.4 ("We hold today only that the service of a summons and complaint is a 'communication' for § 1692g purposes. Whether pleadings constitute 'communications' under other provisions of the Act, such as § 1692c, is not before us.").

Whether pleadings are communications for purposes of § 1692c is an open question. *But see O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938 (7th Cir. 2011) (holding pleading not actionable under § 1962e regarding false or misleading representations by debt collectors). The FDCPA's definition of "communication" is broad: "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). The fact that Congress amended § 1962g such that pleadings are excluded from the definition of "initial communication" could be construed as evidence that the broad definition otherwise included pleadings, or it could be construed as Congress simply making explicit what was previously implicit. *Thomas*, 392 F.3d at 922 (Evans, J., dissenting).

In any event, this case does not require the court to consider whether pleadings are categorically excluded from the definition of communication for § 1692c purposes, because the case can be decided under the factors discussed in *Gburek* on the precise ground that Defendants raised in their motion for judgment. Considering the *Gburek* factors, which include whether there is a demand for payment, the nature of the parties' relationship, and the objective purpose and context

5

of the communications, I conclude that Defendants' reply filed in state court was not a communication made to a debtor in connection with the collection of a debt. First, although Plaintiff notes that the reply demands judgment in favor of the creditor, I give this fact little weight. This is not a communication to a debtor demanding payment on a debt in the traditional sense, it is a communication to the court demanding judgment. Second, although the parties' relationship arose out of Plaintiff's creditor-debtor relationship with Defendants' client in the state case, and although Defendants can themselves be considered debt collectors for FDCPA purposes, the relationship at issue for present purposes is one of opposing litigants, not merely that of creditor and debtor.

Finally, and by far most importantly in the commonsense analysis dictated under *Gburek*, the context and purpose of the "communication" at issue here weighs against finding that the reply was a communication in connection with the collection of a debt. As noted, Plaintiff argues that the purpose of the reply was to prosecute the state action, which itself was an action on a debt, and therefore Plaintiff believes this factor weighs most heavily in his favor. Broadly speaking, Plaintiff has a point. But at this level of generality, any filing in the state case would be considered in connection with the collection of the alleged debt. I believe *Gburek*'s commonsense approach requires a more fact-specific inquiry such that the question is the purpose and context of the particular communication at issue. The context of the reply was that it was required to be filed under Wisconsin rules of civil procedure once Plaintiff filed the answer and counterclaim. The purpose of the reply was to respond to the claims in Plaintiff's counterclaim and avoid defaulting on those claims. Viewed in this light, it is clear that the only thing the pleading had to do with the collection of a debt is that it was filed in a debt collection case. This alone is not sufficient to meet the threshold requirement that the communication upon which the claim is based be made "in connection

with the collection of any debt."

For all of these reasons, Defendants' motion for judgment on the pleadings is **GRANTED** and the case is **DISMISSED**. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** this  30th  day of December, 2015.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court